UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **ROBERT P. YOUNG,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 10-1008 |
| ) | |
| **Governor of the State of Illinois,** *et al*. ) | |
| ) | |
| **Respondents.** ) | |

## OPINION AND ORDER

Pending before the Court is Petitioner Robert P. Young's Motion to Reopen the Case. ECF No. 34. Petitioner initially filed a Writ of Habeas Corpus under 28 U.S. Code § 2254 in January of 2010. ECF No. 1. Petitioner was a state court prisoner attempting to obtain relief in federal court. The Court ordered the Government to respond and ultimately denied the Petition, finding that Petitioner did not properly exhaust his claims in state court because he did not appeal to the Illinois Supreme Court. ECF No. 19 at 6. The Court further found that Petitioner did not otherwise establish prejudice and did not have support for his allegations of a mass conspiracy of falsified records. *Id*. Petitioner appealed and the Seventh Circuit declined his request for an application for a certificate of appealability finding "no substantial showing of the denial of a constitutional right." ECF No. 33.

Now, twelve years after the Seventh Circuit's mandate, Petitioner has filed a motion to reopen this case under Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner appears to repeat some of the same allegations that police and phone records were falsified and suggests that he obtained certain records after the Court entered its opinion in 2010. Petitioner does not state when he obtained those records, what those records demonstrate, and he does not provide a copy

of them on the docket. Petitioner further does not address the issue that the claim was ultimately denied due to his failure to exhaust in state court.

Rule 60(b) also requires that a motion be made "within a reasonable time" and no more than a year from the judgment for certain reasons, including newly discovered evidence. Fed. R. Civ. P. 60(c)(1). Petitioner attempts to argue his claim falls under Rule 60(b)(6), which allows relief for "any other reason that justifies relief" and is not subject to the one-year time bar. However, Petitioner appears to clearly cite newly discovered evidence as his reason for reopening the case. Thus, he is over a decade late in attempting to file a Motion for Reconsideration on this basis. Moreover, successive § 2254 petitions are prohibited in most cases under 28 U.S. Code § 2244, and it appears this motion to reopen the case is an attempt to avoid this prohibition on successive petitions. Accordingly, Petitioner has not presented any reason to reopen this case over a decade after the Seventh Circuit affirmed the district court's opinion dismissing the case, and his Motion to Reopen the Case [34] is DENIED.

ENTERED this 8th day of February, 2023.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge